# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2711
_____

United States of America

*Plaintiff - Appellee*

v.

Antione Deandre Maxwell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Central

_____

Submitted: September 20, 2023
Filed: December 27, 2023
[Unpublished]

_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Antione Deandre Maxwell was convicted of conspiracy and drug distribution. He appeals, arguing that the district court[1] erred by denying his motions for judgment

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

of acquittal or for a new trial and by denying his request for a jury instruction on implicit bias.  We affirm.

Law enforcement officers began investigating a drug organization led by Michael Graham in 2018.  The investigation revealed that Graham employed Antione Maxwell, his brother Charles Maxwell, their father Charleton Maxwell, and Bernard Davis to sell methamphetamine and heroin.  Graham and Davis are Antione and Charles's maternal half-brothers.  The investigation lasted for approximately two years, during which law enforcement officers conducted extensive surveillance, directed multiple controlled purchases, interviewed arrestees and drug users who were involved with the organization, and ultimately made arrests and searched various locations, finding substantial evidence of drug distribution.

Maxwell and his father were charged in the same indictment and tried together. See United States v. Maxwell, 61 F.4th 549 (8th Cir. 2023) (affirming Charleton Maxwell's convictions and sentence).  The jury found Antione Maxwell guilty of the following offenses:  conspiracy to distribute methamphetamine and heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and (C), 846, and 851; three counts of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) or (B), and 851; and one count of distribution of heroin, in violation of §§ 841(a)(1), 841(b)(1)(C), and 851.  After denying  Maxwell's post-trial motions, the district court sentenced him to 360 months' imprisonment on each count, to be served concurrently.[2]

---

[2]These sentences are being served concurrently with Maxwell's 240-month sentence for conspiracy to interfere with commerce by robbery and 120-month sentence for possessing a firearm as a felon.  United States v. Maxwell, No. 22-2653, slip op. (8th Cir. Dec. 27, 2023).

Maxwell argues that the district court should have granted his renewed motion for judgment of acquittal on all counts. He also seeks a new trial. "We apply the deferential sufficiency of the evidence standard to the denial of a motion for acquittal, and we review the denial of a motion for a new trial for abuse of discretion." United States v. Patterson, 68 F.4th 402, 419 (8th Cir. 2023).

Maxwell first argues that there was no evidence that he conspired with anyone to distribute methamphetamine and heroin. For conviction, the government was required to prove that there was an agreement to distribute drugs, that Maxwell knew of the conspiracy, and that he intentionally joined the conspiracy. See Maxwell, 61 F.4th at 558–59 (elements of the offense). "An agreement to join a conspiracy need not be explicit but may be inferred from the facts and circumstances of the case." Id. at 559 (quoting United States v. Ramirez, 21 F.4th 530, 532–33 (8th Cir. 2021)). We have said that "the uncorroborated testimony of an accomplice is sufficient to sustain a conviction if it is not otherwise incredible or insubstantial on its face." Id. (alteration and citation omitted).

Deputy Frank Hodak of the Cerro Gordo County Sheriff's Office testified that he had observed Maxwell so many times during his investigation that if he "passed him in a grocery store [he] would say, 'Hey, hi, Antione." Hodak supervised a confidential informant (CI) in several controlled buys from Maxwell and from other members of the organization. Hodak testified that in April 2020 after a buy had been arranged with Davis, Davis sent the CI to Maxwell, who sold him methamphetamine and received payment. The CI, a daily heroin user, testified that he had purchased heroin and methamphetamine directly from Maxwell and that there were times when he had contacted Davis, and Davis then referred him to Maxwell. Charleyann Mullen also testified that she regularly purchased heroin from Davis, but that he sometimes sent Maxwell to complete the sale.

Armondo Gray testified that he had supplied Maxwell with methamphetamine for resale, that he had seen Maxwell repackage pounds of methamphetamine with Graham for resale, and that he had seen Maxwell sell drugs. According to Gray, Maxwell was doing "pretty much the same thing I was doing. Getting it from Pops [Charleton Maxwell] or Tuffy [Graham] or Bernard [Davis], and breaking it down to a lesser quantity, selling it for more." Contrary to Maxwell's contention that he was merely present when others sold drugs, there was overwhelming evidence that he intentionally joined the conspiracy to distribute methamphetamine and heroin, and we reiterate the conclusion "that Mullen's and Gray's testimony is not incredible or unsubstantial." Maxwell, 61 F.4th at 559.

Maxwell also challenges his convictions on the four distribution counts. He argues that the government failed to produce physical evidence of drug distribution, *e.g.*, photos, videos, phone records, fingerprints, DNA, or serialized currency from controlled buys. The CI testified that he participated in controlled buys of methamphetamine and heroin from Maxwell, however. With respect to the three counts of distribution of methamphetamine, Hodak testified that he supervised the CI's controlled buys of the drug from Maxwell on April 13, 14, and 16, 2020. Hodak identified the location where each transaction took place, he described the car in which Maxwell arrived on April 13 and 14, and he explained that he observed Maxwell during each transaction. With respect to the distribution-of-heroin count, Hodak testified that the CI made arrangements with Maxwell to buy heroin and that Maxwell directed an associate to complete the sale. The government also entered into evidence the lab reports indicating the weight and purity of the drugs involved in each transaction. That officers did not find methamphetamine or heroin during the searches of Maxwell's home or another residence he frequented does not render the evidence insufficient to convict him, particularly in light of the fact that officers seized approximately three pounds of methamphetamine, 80 grams of heroin, four firearms, and more than $18,000 in cash from Davis's home, where Maxwell visited

immediately before completing the April 16 transaction and where he visited regularly during the year leading up to the search.

We conclude that the district court did not err in denying Maxwell's motion for judgment of acquittal or abuse its discretion in declining to grant a new trial. For the reasons set forth in <u>United States v. Maxwell</u>, No. 22-2653, slip op. at 10–11 (8th Cir. December 27, 2023), we also conclude that the district court did not abuse its discretion in denying Maxwell's requested instruction that the jury be instructed on implicit racial bias.

The judgment is affirmed.

_____